IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| FUDDRUCKERS, INC. and MAGIC RESTAURANTS, LLC,<br>Plaintiffs,<br><br>v.<br><br>FUDPUCKER'S, INC. and FUDPUCKER'S OF FORT WALTON BEACH, INC.,<br>Defendants. | § § § § § § § § § § | CIVIL ACTION NO.<br>3:04CV168/RV/MD |

## STIPULATED PROTECTIVE ORDER

Having determined that discovery in this case may involve disclosure of confidential, trade secret, and proprietary technical, business, and financial information and that an order limiting disclosure of such information is necessary to protect the interest of the parties,

IT IS HEREBY ORDERED:

1. This Protective Order shall govern all information disclosed by any person or entity furnishing information in this lawsuit, regardless of whether such person or entity is a party to this action, including without limitation all documents produced, the subject matter thereof, interrogatory answers, responses to requests for admission, deposition testimony, and other items subject to discovery in this suit,



OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 JUN -2 PM 4: 14

FILED

and further including matters presented to the Court in this action in briefs, memoranda, affidavits, exhibits, testimony or by other means.

2. This Protective Order permits any person or entity producing or disclosing information in this action (the "Designating Party") to designate as "Confidential" or "Confidential--Attorneys' Eyes Only," in whole or in part, documents, interrogatories, interrogatory answers, requests for admission, responses to requests for admission, requests for production, responses to requests for production, deposition transcripts, responses to *subpoenas duces tecum,* and all other items produced or disclosed as part of the discovery process, or in briefs or pleadings, or in testimony which contains information the Designating Party regards as confidential (hereinafter "Confidential Information").

(a) The term "Confidential" shall be used to designate those materials, information, and documents which include trade secrets, manufacturing processes, proprietary technical information and specifications, inventions, creations, manufacturing techniques, proprietary computer software, proprietary business and financial information, customer lists and identities, sales and cost information, pricing information, cost s and pricing of products and services, technical information, marketing and business plans and strategies, and any other non-public proprietary information.

(b) The term "Confidential--Attorneys' Eyes Only" may be used to designate those materials identified in subparagraph (a) above, the disclosure of which to the other party in this action (or their employees, officers, or directors) could result in serious competitive disadvantage to the Designating Party.

3. Confidential Information designated by the Designating Party as "Confidential--Attorneys' Eyes Only" shall not be disclosed to the general public or to officers, directors or employees of any party to this action, and may only be used by the receiving party for the purposes of this action. Any information designated as "Confidential--Attorneys' Eyes Only" may only be disclosed to:

(a) Outside counsel of record for the parties to this lawsuit, and such attorneys' office staff;

(b) The non-designating parties' experts and consultants who are not employees of the non-designating party and whose technical advice and consultation are being or will be used in connection with this lawsuit, and their office staffs.

(c) Individuals or employees of any third party organization retained to render litigation support services in this lawsuit;

(d) The deponent of a deposition or the witness in a court proceeding who has previously seen or has been given the Confidential

Information to be disclosed, and the counsel of record, if any, for such deponent or witness;

(e) Stenographic reporters engaged in proceedings incident to preparation for trial or at trial;

(f) The Court and its staff; and,

(g) Any other person as to whom the parties in writing agree.

4. Confidential Information designated by the Designating Party as "Confidential" shall not be disclosed to the general public and may only be used by the receiving party for purposes of this action. It may only be disclosed to:

(a) No more than one (1) employee of the non-Designating Party;

(b) Outside counsel of record for the parties to this lawsuit and such attorneys' office staff;

(c) Experts and consultants who are not employed by the non-Designating Party and whose technical advice and consultation are being or will be used in connection with this lawsuit, and their office staffs;

(d) Individuals or employees of any third party organization retained to render litigation support services in this lawsuit;

(e) The deponent of a deposition or the witness in a court proceeding who has previously seen or has been given the Confidential

    Information to be disclosed and the counsel of record, if any, for such deponent or witness;

 (f) Stenographic reporters engaged in proceedings incident to preparation for trial or at trial;

 (g) The Court and its staff; and,

 (h) Any other person as to whom the parties in writing agree.

 5. Each person in any one of categories 3(b), 3(c), 3(g), 4(a), 4(c), 4(d) or 4(h) to whom disclosure of designated Confidential Information is to be made shall, in a written instrument (in the form of the Agreement attached to this Order) executed and delivered to the counsel for the Designating Party at least ten (10) business days prior to disclosing any Confidential Information to such person, acknowledge that such person has read and understands the terms of this Order and agrees to comply with, and be bound by, this Order.

 6. Whenever counsel for a non-Designating Party wishes to authorize a person under any of categories 3(b), 3(c), 3(g), 4(a), 4(c), 4(d), or 4(h) above for the purpose of providing such person with access to designated Confidential Information, counsel for the non-Designating Party must identify the person for whom authorization is sought to counsel for the Designating Party at least ten (10) business days prior to disclosing any Confidential Information to such person. Identification shall be accomplished by notifying outside counsel for the Designating Party in writing of the person's name, address, and place of employment in

accordance with Paragraph 5 hereof.  In the event that any party to this litigation objects to the identified person's access to designated Confidential Information, such party ("the objecting party") shall provide written notice of its objection to the party wishing authorization ("the non-objecting party") within seven (7) business days of receiving the written notice of identity.  If such objection is made, the identified person shall be denied access to Confidential Information until the matter is resolved by agreement or decided by the Court or an appellate court, should appellate review be sought.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute is not resolved within seven (7) business days from receipt by the non-objecting party of the written notice of objection, the objecting party may request appropriate relief from the Court.  The objecting party shall have the burden of showing that harm or prejudice to the objecting party will result from the identified person's access to Confidential Information.

7. Each person or entity required to produce or disclose information or provide testimony in this action shall have the right to designate in writing as "Confidential" or "Confidential--Attorneys' Eyes Only" any information produced or disclosed that such person or entity contends contains Confidential Information of that person or entity.  In the case of deposition testimony, the designation may be made orally on the record during the deposition, or may be made pursuant to the provisions of Paragraph 9 hereof.  Such designation, in the case of documents and

things containing such information, shall be made by stamping, placing, or affixing on the document or thing a notice containing the words "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY." Stamping, placing, or affixing the designation on the first page of a document shall be sufficient to designate the entire document or thing as "Confidential" or "Confidential--Attorneys' Eyes Only." All documents or things designated as "Confidential" or "Confidential--Attorneys' Eyes Only" shall be designated prior to or at the time of producing such documents or things, except as provided in Paragraph 8 with respect to inadvertent disclosure, and in Paragraph 9 for designation of Confidential Information disclosed at depositions.

8. A party that inadvertently fails to mark an item as "Confidential" or "Confidential--Attorneys' Eyes Only" at the time of production shall have seven (7) business days from the date of production in which to correct its failure. Such correction shall be made in writing and accompanied by a substitute copy of each item that is appropriately designated. Within seven (7) business days of the receipt of the substitute copy, the party receiving such item shall return the previously unmarked item and all copies thereof. Until expiration of the seven (7) business day period provided by this paragraph, all items produced shall be considered and treated as "Confidential--Attorneys' Eyes Only."

9. The parties shall treat all deposition transcripts, deposition exhibits, and other documents and things produced at depositions taken pursuant to Rules

30, 31, or 45 of the Federal Rules of Civil Procedure as "Confidential--Attorneys' Eyes Only" for seven (7) business days after a complete transcript is received by the party designating Confidential Information.  Within seven (7) business days after the receipt of a complete transcript, the party wishing to designate all or portions of that transcript as "Confidential" or "Confidential--Attorneys' Eyes Only" may designate specific transcript pages, deposition exhibits, and any other documents or things produced at the deposition in accordance with this Protective Order.  The court reporter shall be instructed to include on the cover page of each transcript a legend stating: "This deposition transcript contains information at pages _____ subject to a Protective Order and shall be governed in accordance with the terms of such Protective Order."  When testimony or documents designated as Confidential Information are elicited or discussed during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition.

      10.    This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligations or rights of any party or person with respect to Confidential Information.  The fact that information is or is not designated as "Confidential" or "Confidential--Attorneys' Eyes Only" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

      11.    All documents and materials filed with the Court that comprise or contain Confidential Information shall be filed in sealed envelopes or other

appropriately sealed containers on which shall be endorsed the title of this action, a statement of the nature of the contents of such sealed envelope or other container, the word "Confidential," and a statement substantially in the following form: "This envelope contains documents and things subject to a Protective Order entered in this action. It is not to be opened nor the contents thereof to be displayed, revealed, or made public, except by order of the Court." No such sealed envelope or other container shall be opened by anyone other than Court personnel without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating those portions of the sealed file that may be revealed to them.

12.   In no event shall any Confidential Information be disclosed to any person permitted access under Paragraphs 3(b), 3(c), 3(g), 4(a), 4(c), 4(d) or 4(h) hereof until such person has executed a written confidentiality agreement in the form attached hereto and such confidentiality agreement has been delivered to counsel for the Designating Party as provided in Paragraphs 5 and 6 hereof A file of all written confidentiality agreements signed by persons to whom materials stamped "Confidential" or "Confidential-Attorneys' Eyes Only" have been given shall be maintained by counsel of record for each party.

13.   Nothing contained in this Protective Order shall affect the right of any Designating Party to disclose to its own officers, directors, employees, consultants, experts, or anyone else its own designated Confidential Information.

14. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, *subpoena duces tecum* or question at a deposition or hearing as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party. Nothing in this Protective Order shall constitute an admission that any evidence is admissible or not admissible.

15. If a party objects to the designation of material under this Protective Order as "Confidential" or "Confidential--Attorneys' Eyes Only," it may move (upon proper notice to counsel for all parties and the Designating Party) this Court or the Court which issued a subpoena for an order that such material not be treated as "Confidential" or "Confidential--Attorneys' Eyes Only" under this Protective Order. The Designating Party shall bear the burden of proving that the material has been properly designated. If the party objecting to a confidentiality designation does not move the Court in a timely fashion for such an order, the material shall be considered Confidential Information as designated.

16. Subject to the provisions of paragraphs 8 and 9 hereof information which has been produced without having been designated as "Confidential" or "Confidential--Attorneys' Eyes Only" shall not be treated as confidential.

17. No part of the restrictions imposed by this Protective Order may be terminated or amended, except by written stipulation executed by counsel of record

for each party and counsel for the Designating Party, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order and any confidentiality agreements executed in connection with this Order.

18. Confidential Information shall not include any documents, information or other materials which:

    (a) were lawfully in the possession of the receiving party prior to production;

    (b) were, at the time of disclosure, in the public domain by publication or otherwise;

    (c) the Disclosing Party intends to make part of the public domain at the time of disclosure;

    (d) have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

    (e) are not under law entitled to be treated as confidential; or

    (f) were made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

19. If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

20. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

21. Nothing herein shall prevent any counsel of the parties from utilizing Confidential Information in the deposition of any person who is reasonably alleged to be the author, source or recipient of the Confidential Information, or who is an employee or agent thereof, or who is reasonably believed to have knowledge relating thereto, irrespective of which party produced such information.

22. Within sixty (60) days of the conclusion of this action, including any appeals, the originals of all produced documents or produced things designated as containing Confidential Information and remaining subject to this Protective Order, and all photocopies thereof shall, upon request, be returned to the producing party (or, if the parties agree, destroyed), except that neither party shall be obligated to return any produced documents or produced things (or photocopies thereof) that were admitted into evidence at trial. The attorneys of record for each party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other parties' produced documents containing Confidential Information), deposition transcripts and exhibits, legal memoranda, correspondence, and work product.

SO ORDERED

Date: June 2, 2005

_____
United States District Court Judge

APPROVED AS TO FORM

By: _____
A. G. CONDON, JR.
Florida Bar No. 015067
P. MICHAEL PATTERSON
Florida Bar No. 175308

EMMANUEL SHEPPARD & CONDON
30 South Spring Street
Pensacola, FLA 32501
Phone: (850)433-6581
Fax: (850)434-5856

and

RICHARD L. SCHWARTZ
SBN 17869500

WHITAKER CHALK SWINDLE &
SAWYER L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0524
Fax: (817)878-0501
rschwartz@whitakerchalk.com

ATTORNEYS FOR PLAINTIFFS
FUDDRUCKERS, INC. and MAGIC
RESTAURANTS, LLC

By: _____
ROBERT O. BEASLEY
Florida Bar No. 0148512

LITVAK BEASLEY & WILSON, LLP
SunTrust Tower
220 West Garden St., Ste. 606
Pensacola, FL 32502
Phone: (850)432-9818
Fax: (850)432-9830

ATTORNEYS FOR DEFENDANTS
FUDPUCKER'S, INC. and FUDPUCKER'S
OF FORT WALTON BEACH, INC.

**CIVIL ACTION NO. 3:04CV168/RV/MD**
**STIPULATED PROTECTIVE ORDER**
U:\MLS\101435(Fuddruckers)\STIPPO.wpd