IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FUDDRUCKERS, INC. et al.,
    Plaintiffs,

v.                                  Case No. 3:04cv168/RV/EMT

FUDPUCKER'S, INC., et al.,
    Defendants.

_____/

**O R D E R**

This cause is before the court upon Plaintiffs' Motion to Strike Defendants' "Supplementation of Defendants Pursuant to Rule 26(e)" (Doc. 41), Defendants' Response to Plaintiffs' Motion to Strike Defendants' Supplementation (Doc. 57), and Plaintiffs' Motion for Leave to File Reply Memorandum to Defendants' Response to Plaintiffs' Motion to Strike Defendants' Supplementation (Doc. 58); Defendants' Motion to Extend Discovery Deadline (Doc. 48) and Plaintiffs' Response to Defendants' Motion to Extend Discovery Deadline (Doc. 53); Defendants' Motions to Compel (Docs. 49, 50, 51) and Plaintiffs' Responses to Defendants' Motions to Compel (Docs. 54, 55, 56).

On August 16, 2005, Plaintiffs filed their motion to strike Defendants' Rule 26(e) supplementation alleging that Defendants served this supplementation twenty-four days after the court ordered deadline for such disclosures (Doc. 41 at 1-2). In their supplementation, Defendants identified two new witnesses, Janice Bader, Defendants' former counsel, and Jane Blanchette, an employee of Plaintiffs (Doc. 41 at 2-3).

Defendants responded to Plaintiffs' motion, alleging that Plaintiffs misrepresented Ms. Blanchette's employment status in order to assert attorney-client privilege and "hide her as a witness" (Doc. 57 at 1-2). Defendants claim that they originally believed Ms. Blanchette was an attorney, while in reality she is a paralegal (Doc. 57 at 2). Regarding Ms. Bader, Defendants point out that she was their attorney throughout negotiations of the relevant agreements between the parties, that she represented them in previous litigation between the parties, and that a letter written by her was the catalyst for the instant litigation (Doc. 57 at 2-3). Defendants argue that, therefore, Plaintiffs cannot be surprised that Ms. Bader may be called as a witness (Doc. 57 at 2-3).

On August 18, 2005, Plaintiffs filed a motion to extend the discovery deadline from August 31, 2005 until September 30, 2005, alleging that they need the extension to take the depositions of Jane Blanchette and Richard Schwartz, Plaintiffs' counsel (Doc. 48 at 1-2). Additionally, Defendants state that the parties have agreed to a one day extension of the discovery deadline for the deposition of Plaintiffs' expert, Molly Buck Richard (Doc. 48 at 2).

In opposition to Defendant's motion to extend the discovery deadline, Plaintiffs argue that scheduling orders should only be revised in exigent circumstances (Doc. 53 at 1). Plaintiffs further argue that the deadline should not be extended because Defendants are requesting to take depositions of witnesses that they are not entitled to take due to attorney-client privilege and the fact that Defendant was late in disclosing the witnesses (Doc. 53 at 2-3).

Defendants also filed a motion to compel the deposition testimony of Richard Schwartz, counsel for Plaintiffs (Doc. 49). According to Defendants, they are entitled to take Mr. Schwartz's deposition because he is the only person with material knowledge regarding the negotiation and drafting of the agreements at issue in this lawsuit (Doc. 49 at 1-2). Defendants further contend that the information sought is relevant, non-privileged, and crucial to the preparation of the case (Doc. 49 at 4).

In response to Defendants' motion to compel, Plaintiffs assert work product and attorney-client privilege (Doc. 56 at 5). Plaintiffs argue that Mr. Schwartz is not the best witness to testify on the contract matters raised by Defendant's motion and state that Charles W. Redpenning, whose deposition was scheduled for August 23, 2005, is the best witness (Doc. 56 at 2-3). Plaintiffs also point out that Mr. Schwartz is principal trial counsel for Plaintiffs and that Defendants have known of their objection to the taking of his deposition since at least May 9, 2005, but waited until mid-August to attempt to compel his deposition (Doc. 56 at 3-4). Plaintiffs further state that Mr. Schwartz has never been listed as a witness by Defendants and suggest that Defendants' motivation for taking his deposition is to disqualify him as Plaintiffs' counsel (Doc. 56 at 3-4).

Additionally, Defendants filed a motion to compel Fernando Calvo, Plaintiffs' former Director of Franchise Development, to answer questions posed to him at his deposition (Doc. 50 at 1). Mr. Calvo was questioned about communications between himself and Jane Blanchette regarding the issue of consumer confusion and whether Defendants had established prior or senior use in the Fort Walton Beach area (Doc. 50 at 2, 10-14). He was also questioned regarding his conversations with Fuddruckers' counsel after he retired from Fuddruckers (Doc. 50 at 10-14). At

the deposition, counsel for Plaintiff asserted attorney-client privilege and directed Mr. Calvo not to answer the questions (Doc. 50 at 10-14). Defendants contend that the conversations Mr. Calvo had with Ms. Blanchette are not privileged because she is not an attorney (Doc. 50 at 2). Defendants also contend that the conversations with counsel are not privileged because corporate counsel's communications with a former employee should be treated no different than communications with any other third-party fact witness (Doc. 50 at 2).

In response to Defendants' motion to compel Mr. Calvo, Plaintiffs argue that Mr. Calvo's exchanges with counsel regarding this controversy, both directly and through Ms. Blanchette, are privileged (Doc. 55 at 2). Plaintiffs also direct the court's attention to the fact that Mr. Calvo's deposition was taken on June 3, 2005; however, Defendants waited until mid-August to file a motion to compel (Doc. 55 at 3-4).

Finally, Defendants filed a motion to compel the deposition of Jane Blanchette (Doc. 51). Defendants contend that because Ms. Blanchette is a paralegal and is not the subordinate of in-house counsel, the attorney-client privilege does not apply to her conversations (Doc. 51 at 2-3). In response, Plaintiffs explain that Ms. Blanchette functions as a Legal Administrator to facilitate exchanges between her employer and outside counsel (Doc. 54 at 1). She acts as a conduit for all legal communications between counsel and the client–her employer (Doc. 54 at 1). Plaintiffs also point out that Defendants have waited until right before the discovery deadline to file their motion to compel when they have known since June 3, 2005, or at the latest June 28, 2005, that Ms. Blanchette was a paralegal (Doc. 54 at 3).

As to Richard Schwartz, a deposition of the opposing party's attorney is disfavored and calls for special scrutiny. United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir. 1991). In order to depose opposing counsel, the party seeking to take the deposition must show that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986) (practice of taking opposing counsel's deposition should be employed only in limited circumstances). Defendants have failed to show that there is no other means to obtain the information sought than to depose Mr. Schwartz and have also failed to show that the information they seek is non-privileged.

The purpose of the attorney-client privilege is to encourage open and complete communication between a client and their attorney by eliminating the possibility of subsequent

compelled disclosure of their confidential communications.  U.S. v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990).  It protects both individuals and corporate clients.  Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348, 105 S.Ct. 1986, 1990, 85 L.Ed.2d 372 (1985).  Stated generally, a client has a privilege to refuse to disclose confidential communications with his attorney if  the communications are in furtherance of the rendition of legal services to the client or are reasonably necessary for the transmission of the communication.  *See, id.*

The administration of the attorney-client privilege in the case of corporations presents special problems because, as an inanimate entity, a corporation must act through its agents.  In a corporate setting it makes no sense to require each employee to speak directly to the attorney to retain the attorney-client privilege instead of allowing employees to disseminate legal  information to other employees.  In the instant case, Ms. Blanchette is an employee of Fuddruckers and acts as the contact person for outside counsel.  Ms. Blanchette's conversations with Mr. Calvo, another employee of Fuddruckers, regarding the controversy at issue were necessary to transmit legal information.  Therefore, the court concludes that her communications with Mr. Calvo are protected by the attorney-client privilege.  Additionally, Mr. Calvo's conversations about the instant controversy with trial counsel following his retirement are subject to the attorney-client privilege, as communications between a client's counsel and a client's former employee regarding an issue in litigation are privileged.  *See* In re Allen, 106 F.3d 582 (4th Cir. 1997).

Regarding Plaintiffs' motion to strike, Federal Rule of Civil Procedure Rule 12(f) provides that the court may strike from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter.  Plaintiffs' motion to strike requests that the court strike Defendant's untimely Rule 26(e) disclosures, not a portion of a pleading.  Accordingly, Plaintiffs' motion is procedurally inappropriate.  However, the court notes that Defendants' argument that Plaintiffs could not have been surprised by the late designation of Ms. Bader as a witness is unpersuasive and did not relieve Defendants of their obligations under Federal Rule of Civil Procedure 26(e).  The court also notes that Defendants' excuse for the late disclosure of Ms. Blanchette as a witness is equally unpersuasive because Defendants discovered that Ms. Blanchette was a paralegal in June, but failed to disclose her as a witness until August, well after the July deadline.  Regarding Defendants' motion to extend the discovery deadline, the court notes that Defendants' dilatory tactics make an extension necessary.  Therefore, the court will reluctantly grant an extension for the limited purpose of deposing Plaintiffs' expert, Molly Buck Richards, and Janice

Bader, even though this court disapproves of Defendants' conduct in failing to disclose Ms. Bader's name in a timely manner.

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion to strike Defendants' Rule 26(e) supplementation (Doc. 41) is **DENIED.**

2. Defendants' motion to extend the discovery deadline (Doc. 48) is **GRANTED** for the limited purpose of taking the depositions of Molly Buck Richards and Janice Bader. The depositions are to be scheduled at Plaintiffs' convenience and must be completed by **SEPTEMBER 30, 2005.**

3. Defendants' motion to compel the deposition of Richard Schwartz (Doc. 49) is **DENIED.**

4. Defendants' motion to compel Fernando Calvo to answer questions posed at his deposition (Doc. 50) is **DENIED.**

5. Defendants' motion to compel the deposition of Jane Blanchette (Doc. 51) is **DENIED.**

6. Plaintiffs' motion for leave to file a reply memorandum to Defendants' response to Plaintiffs' motion to strike (Doc. 58) is **DENIED as moot**.

**DONE AND ORDERED** this 26th day of August, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**